UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MCASF LOCAL 725 SERVICE CORPORATION,
for and on behalf of THE ACRA-LOCAL 725
PENSION TRUST FUND, THE ACRA-LOCAL 725
HEALTH AND WELFARE TRUST FUND,
THE ACRA-LOCAL 725 DEFINED
CONTRIBUTION RETIREMENT TRUST FUND,
THE ACRA-LOCAL 725 JOINT APPRENTICESHIP
AND TRAINING COMMITTEE TRUST,
THE AIR CONDITIONING, REFRIGERATION,
HEATING AND PIPING ASSOCIATION, INC., and
THE UNITED ASSOCIATION LOCAL UNION NO. 725
OF MIAMI, FLORIDA, A.F.L.-C.I.O.,

CASE NO.

Plaintiff,

v.

CYVSA INTERNATIONAL, INC., a Florida corporation,

Defendant.

______________________________________________/

**COMPLAINT**

COME NOW, the Plaintiff, and files this its Complaint against, and alleges as follows:

1. This Court has jurisdiction pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132 and 1145, hereinafter referred to as "ERISA", and pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185, hereinafter referred to as the "Act".

2. Plaintiff, MCASF LOCAL 725 SERVICE CORPORATION ("Plaintiff") is a Florida corporation, which has been contracted with by the Boards of Trustees of the ACRA-LOCAL 725 PENSION TRUST FUND (the "Pension Trust"), the ACRA-LOCAL 725 HEALTH AND WELFARE TRUST FUND (the "Welfare Trust"), and the

ACRA-LOCAL 725 DEFINED CONTRIBUTION RETIREMENT TRUST (the "DC Trust"), the ACRA-LOCAL 725 JOINT APPRENTICESHIP TRAINING COMMITTEE TRUST (the "JATC Trust"), the AIR CONDITIONING, REFRIGERATION, HEATING AND PIPING ASSOCIATION, INC. (the "Association"), and the UNITED ASSOCIATION LOCAL UNION NO. 725 OF MIAMI, FLORIDA, A.F.L.-C.I.O. ("UA Local 725"), for the monitoring of contributing employers' timely remittance of required fringe benefit contribution reporting forms and payments, and the collection of delinquent contributions, late payment service fees and other financial obligations owing from any such delinquent employers to the Pension Trust, the Welfare Trust, the DC Trust, the JATC Trust, the Association, UA Local 725, or to any combination of such entities.

2. The Pension Trust, the Welfare Trust, the DC Trust and the JATC Trust (collectively, hereinafter referred to as the "Trusts"), are each employee benefit plans and multi-employer employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1003(3).

3. The Trusts are administered by Boards of Trustees appointed by the Association and UA Local 725, and said Boards are the administrators for said multi-employer, employee benefit plans within the meaning of Section 3(16) of ERISA, 29 U.S.C. §1003(16), and serve as the named fiduciaries and/or fiduciaries for said multi-employer, employee benefit plans within the meaning of Section 2(a)(2) of ERISA, 29 U.S.C. §1002(a)(2).

4. The Association, is an employer within the meaning of Section 2(2) of the Act, 29 U.S.C. §152(2), as an agent of all, or nearly all of the employers, including the Defendant herein, each of such employers having reporting and contribution obligations owing to

the Trust Funds.

5. UA Local 725, is a labor organization within the meaning of Section 2(5) of the Act, 29 U.S.C. §152(5).

6. The Defendant, CYVSA INTERNATIONAL, INC., hereinafter referred to as "CYVSA", is a Florida corporation engaged in commerce within the meaning of the Act, incorporated as of October 4, 2002, and whose current principal address is located at 11550 Interchange Circle North, Miramar, FL 33025, which is situated within this judicial district.

7. At all times material hereto, CYVSA has been an employer within the meaning of 29 U.S.C. §152(2) and Section 2(5) of ERISA, 29 U.S.C. §1002(5).

8. On or about September 5, 2012, CYVSA became bound to the terms of another written collective bargaining agreement that was effective as of July 15, 2010 (the "2010 CBA"), by its execution of the 2010 CBA, thereby evidencing CYVSA's ongoing obligation to report and remit fringe benefit contributions and other required to the Plaintiffs for all periods thereafter. A true copy of the 2010 CBA is attached hereto and incorporated herein as Exhibit "A".

7. Subsequent to its execution of the 2010 CBA, CYVSA has continued to employ persons within the trade and territorial jurisdiction of said agreement, and continued to be obligated to make timely payment of the fringe benefit contributions and other payments prescribed by said agreement(s) to Plaintiffs.

8. By execution of the 2010 CBA, CYVSA had assigned its collective bargaining rights to a contractors association, being the Association herein.

9. Prior to the expiration of the 2010 CBA, the Association, for and on behalf of its member contractors for which it had assignments of bargaining rights, including CYVSA, entered into an agreement with UA Local 725 for a one-year extension of the 2010 CBA. A true and correct copy of said one-year extension agreement is attached hereto and incorporated herein as Exhibit "B".

10. UA Local 725 and the Association negotiated and entered into a successor agreement effective as July 16, 2014 continuing through and until July 15, 2016 (the "2014 CBA). A true and correct copy of the 2014 CBA is attached hereto and incorporated herein as Exhibit "C".

11. UA Local 725 and the Association negotiated and entered into another successor agreement effective as July 16, 2016 continuing through and until July 15, 2019 (the "2016 CBA). A true and correct copy of the 2016 CBA is attached hereto and incorporated herein as Exhibit "D".

12. All of the contributions and other payments that CYVSA has been required to report and make to the Trust Funds, the Association and UA Local 725, pursuant to the 2010 CBA, the one-year extension agreement, the 2014 CBA and the 2016 CBA, were and continue to be due within this judicial district.

12. The contributions and other payments at issue in this action are due for hours of covered work performed by individuals employed by CYVSA for work performed subject to the terms of Exhibit A through D, all within this judicial district.

13. Upon a review of CYVSA's reporting history, the Trust Funds' third administrative manager, NATIONAL EMPLOYEE BENEFITS ADMINISTRATORS, INC., a Florida corporation ("NEBA") identified several weekly reporting periods during

which CYVSA failed to timely remit its required payment for fringe benefit contributions and other required payments, for the periods December 5, 2015 through June 26, 2016, and sent notices to CYVSA making demand for payment of assessed late payment service fees totaling $46,040.36, which fees remain outstanding, due and owing.

14. Additional late payment service fees have accrued and been identified for the following weekly reporting periods:

a. July 24, 2016 - $1,180.22;

b. July 31, 2016 - $1,320.51;

c. August 14, 2016 - $1,207.51;

d. August 28, 2016 - $1,207.19; and

e. October 9, 2016 - $893.70.

15. Plaintiff has not as of this filing been able to confirm the accrual of any late payment service fees due from CYVSA for weekly reporting periods subsequent to those identified in Paragraph 14 above.

16. Upon review by a certified public accounting firm, the Trust Funds have identified delinquent fringe benefit contributions and other required payments owing from CYVSA for the periods occurring between September 5, 2012 through November 30, 2015, aggregating in the sum of $3,498.61, together with interest in the sum of $332.79, and late payment service fees due in the sum of $296.42. A copy of the accountants' report is attached hereto and made a part hereof as Exhibit "E".

17. CYVSA has additionally failed to remit payment of its fringe benefit contributions and other required payments for periods subsequent to November 29, 2016, in a sum not presently known with specificity.

18. Plaintiff, for and on behalf of the Trust Funds, the Association and UA Local 725, is entitled to a reasonable attorney's fee for the maintenance of this action and the costs of bringing this action. See, Section 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145, which provide:

29 U.S.C. Section 1145 states:

Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

See, Exhibits A through D.

29 U.S.C. Section 1132(g)(2) states:

In any action under this title by a fiduciary for and on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan -

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C ) an amount equal to the greater of –

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

19. Plaintiff has complied with all conditions precedent in bringing this suit, or same have occurred, been performed or waived.

20. Plaintiff has been required to employ the undersigned attorney to collect the monies that may be found to be due and owing from CYVSA and is obligated to pay its attorneys a reasonable attorney's fee.

**WHEREFORE**, Plaintiff, MCASF LOCAL 725 SERVICE CORPORATION, for and on behalf of THE ACRA-LOCAL 725 PENSION TRUST FUND, THE ACRA-LOCAL 725 HEALTH AND WELFARE TRUST FUND, THE ACRA-LOCAL 725 DEFINED CONTRIBUTION TRUST FUND, THE ACRA-LOCAL 725 EDUCATIONAL TRUST FUND, THE AIR CONDITIONING, REFRIGERATION, HEATING AND PIPING ASSOCIATION, INC., and THE UNITED ASSOCIATION LOCAL UNION NO. 725 OF MIAMI, FLORIDA, A.F.L.-C.I.O., pray that this Court grant the following relief:

1. Enter a Final Judgment for damages in favor of Plaintiff and against the Defendant, CYVSA INTERNATIONAL, INC., by reason of the above and after determination of the amount due as a result of the audit; and

3. Order the Defendant, CYVSA INTERNATIONAL, INC., pay a reasonable attorney's fee for the prosecution and maintenance of this action, costs for bringing this action, interest and liquidated damages;

4. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

RICHARD M. WEINER, P.A.

By: */s/ Richard M. Weiner*
Richard M. Weiner, Esq.
Counsel for Plaintiff
E-mail: rmwlaw@comcast.net

RICHARD M. WEINER, P.A.
7479 N.W. 4th Street
Plantation, Florida 33317 - 2227
Tel. (954) 321 – 1815
Fax (888) 832 - 6320

Dated: December 9, 2016.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of December 2016, that I have electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that a true and correct copy of the foregoing Complaint has been furnished to the Secretary of the Treasury and the Secretary of Labor in accordance with the requirements of the Employee Retirement Income Security Act of 1974, by U.S. Mail, Certified Mail, Return Receipt Requested.

Respectfully submitted,

*/s/ Richard M. Weiner*

Richard M. Weiner, Esq.
Florida Bar No. 0776602

RICHARD M. WEINER, P.A.
7479 N.W. 4th Street
Plantation, Florida 33317 - 2227
Tel. (954) 321 – 1815
Fax (888) 832 – 6320
E-mail: rmwlaw@comcast.net
Counsel for Plaintiffs:

MCASF LOCAL 725 SERVICE CORPORATION, for and on behalf of THE ACRA-LOCAL 725 PENSION TRUST FUND, THE ACRA-LOCAL 725 HEALTH AND WELFARE TRUST FUND, THE ACRA-LOCAL 725 DEFINED CONTRIBUTION RETIREMENT TRUST, THE ACRA-LOCAL 725 EDUCATION TRUST FUND, THE AIR CONDITIONING, REFRIGERATION, HEATING AND PIPING ASSOCIATION, INC., AND UNITED ASSOCIATION LOCAL UNION NO. 725, MIAMI, FLORIDA, A.F.L.-C.I.O.